**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHOHN METCALF, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-1216-JAR |
| | ) | |
| JAY CASSADY, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner's Motion for Evidentiary Hearing (Doc. No. 19) and Motion for Appointment of Counsel. (Doc. No. 20) Upon consideration, Petitioner's motions will be denied without prejudice.

The Court finds that at this stage of the litigation, an evidentiary hearing is neither warranted nor necessary. Wright v. Bowersox, 720 F.3d 979, 987 (8th Cir. 2013). Further, the appointment of counsel for a habeas petitioner is discretionary. Hayes v. Bowersox, 2014 WL 1212287, at *2 (E.D.Mo. Mar. 24, 2014) (citing McCall v. Benson, 114 F.3d 754, 756 (8th Cir.1997)). To determine whether appointment of counsel is appropriate, the Court considers "the factual and legal complexity of the case, and the petitioner's ability both to investigate and to articulate his claims without court appointed counsel." Id. In the instant case, Petitioner's grounds for habeas relief do not appear to be factually or legally complex. Further, Petitioner has thus far been able to articulate his claims in a clear, concise manner in both the Petition and the Traverse. Because Petitioner has demonstrated an ability to adequately present his claims

without an attorney, the Court finds that the interests of justice do not warrant appointment of counsel at this time. Id. (citing Hoggard v. Purkett, 29 F.3d 469, 472 (8th Cir.1994)).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motions for Evidentiary Hearing [19] and Appointment of Counsel [20] are **DENIED** without prejudice.


Dated this 29th day of October, 2014.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**