UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHOHN C. METCALF, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 4:13-CV-1216 JAR |
| JAY CASSADY,[1] | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Shohn C. Metcalf's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (Doc. No. 1) The Government responded (Doc. No. 8) and Petitioner replied. (Doc. No. 18) For the following reasons, Petitioner's Section 2254 petition is **DENIED** and this action is **DISMISSED with prejudice**.

**Background**

On April 23, 2009, following a jury trial, Metcalf was found guilty of first degree domestic assault and felonious restraint. (Resp. Exh. B at 25) On June 16, 2009, the trial court sentenced Metcalf as a prior and persistent offender to consecutive terms of thirty (30) years for the first degree domestic assault charge and fifteen (15) years for the felonious restraint charge. These sentences were ordered to run consecutively to a sentence in St. Louis County Cause No. 2104R-05190-01. (Resp. Exh. B at 181-82)

Metcalf filed a notice of appeal on June 24, 2009. (Resp. Exh. B at 26) The Missouri Court of Appeals summarily affirmed the judgment on August 24, 2010. (Resp. Exh. E; State v.

---

[1] Petitioner is incarcerated at the Jefferson City Correctional Center in Jefferson City, Missouri. (Doc. No. 1) Jay Cassady is the current Warden and proper party respondent. Therefore, the Court will substitute Jay Cassady for the originally named Respondent. See 28 U.S.C. § 2254, Rule 2(a).

1

Metcalf, 318 S.W.3d 325 (Mo. Ct. App. 2010)). Metcalf had fifteen days, until September 8, 2010, to petition to transfer the appeal to the Supreme Court of Missouri for further review, but he did not do so. Mo. Sup. Ct. R. 83.02, 83.04, 84.17(b). Thereafter, on September 16, 2010, the Missouri Court of Appeals issued its mandate. (See docket sheet for *State v. Metcalf*, ED93188 (available at www.courts.mo.gov/casenet/cases/searchDockets.do (last visited Feb. 16, 2016)).

Metcalf filed a Rule 29.15 motion for post-conviction relief in state court on December 10, 2010, which was later amended by counsel. (Resp. Exh. G) On July 19, 2011, the motion court denied Walker's motion without an evidentiary hearing. (Resp. Exh. F at 105-119) Metcalf filed a notice of appeal on August 29, 2011. On August 28, 2012, the Missouri Court of Appeals affirmed the denial of post-conviction relief (Resp. Exh. I; Metcalf v. State, 374 S.W.3d 403 (Mo. Ct. App. 2012), and issued its mandate on September 20, 2012. (See docket sheet for *Metcalf v. State*, ED 97305 (available at www.courts.mo.gov/casenet/cases/searchDockets.do (last visited Feb. 16, 2016)).

On June 25, 2013, Metcalf filed this § 2254 Petition. The Court has reviewed the petition and the Government's response in their entireties but having determined the petition is untimely, will limit its order to that issue.

**Discussion**

Section 2254 petitions are subject to a one-year limitation period pursuant to 28 U.S.C. § 2244(d). As it relates to this case, § 2244(d)(1)(A) provides that the one-year period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." In his traverse, Metcalf argues that the issuance of the appellate court's mandate is the proper triggering event for starting the clock for purposes of AEDPA tolling and computation. (Doc. No. 18 at 8) Metcalf is incorrect. Where, as here, a Missouri petitioner does not seek transfer to the Supreme Court of Missouri after direct appeal, his

judgment becomes final upon expiration of the time within which to seek such discretionary review, i.e., fifteen days after the Missouri Court of Appeals issues its opinion. Adams v. Cassady, No. 4:14-CV-505-CEJ, 2015 WL 3798086, at *1 (E.D. Mo. June 18, 2015) (citing Camacho v. Hobbs, 774 F.3d 931, 933 (8th Cir. 2015) (citing Gonzalez v. Thaler, 132 S. Ct. 641, 653 (2012), and recognizing that Gonzalez explicitly abrogated Riddle v. Kemna, 523 F.3d 850 (2008)); see Mo. Sup. Ct. R. 83.02, 83.04, 84.17(b). The date on which the Missouri Court of Appeals issued its mandate is irrelevant for tolling purposes. Camacho, 774 F.3d at 933. The limitations period is tolled, however, while a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. 28 U.S.C. § 2244(d)(2). Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002).

In this case, Metcalf failed to timely file his federal habeas petition. His conviction became final on September 8, 2010, when the time expired for seeking rehearing of the August 24, 2010 decision on direct appeal. Adams, 2015 WL 3798086, at *2. The statute of limitations began running on September 9, 2010. See Fed. R. Civ. P. 6(a)(1)(A). The limitations period ran for 94 days until Metcalf filed his motion for post-conviction relief on December 10, 2010. Adams, 2015 WL 3798086, at *2 (citing Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("[T]he time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period.").

The one-year limitations period was tolled, however, during the pendency of Metcalf's post-conviction proceedings, that is, from December 10, 2010, through September 20, 2012, when the Missouri Court of Appeals issued its mandate affirming the denial of post-conviction relief. The statute of limitations began running again on September 21, 2012. See Fed. R. Civ. P. 6(a)(1)(A). The limitations period then ran for 278 additional days until Metcalf filed the instant habeas petition on June 25, 2013. In total, the statute of limitations ran for 372 untolled days (94

3

days plus 278 days) from the date of the final judgment until the filing of the habeas petition. Therefore, the petition was filed seven days outside the statute of limitations and must be dismissed as untimely.

Although Metcalf has not argued that he is entitled to equitable tolling, the Court nonetheless has considered the issue. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Adams, 2015 WL 3798086, at *2 (quoting Burns v. Prudden, 588 F.3d 1148, 1150 (8th Cir. 2009). "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." Id. (quoting Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) (citations and quotation marks omitted). Upon review, the Court finds nothing in the record here that warrants equitable tolling. Metcalf waited until 278 days after the conclusion of his post-conviction appeal to file his federal habeas petition, without any justification.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Shohn Metcalf's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody [1] is **DENIED**.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

A judgment dismissing this case is filed herewith.

Dated this 29th day of February, 2016.

*[signature: John A. Ross]*

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**