# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SHOHN C. METCALF, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 4:13-CV-1216 JAR |
| JAY CASSADY, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Shohn C. Metcalf's Motion for Leave to File Motion to Alter or Amend Judgment Out of Time (Doc. No. 25) and Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e). (Doc. No. 26)

A motion to alter or amend judgment "shall be filed no later than 28 days after entry of the judgment." Rule 59(e), Fed. R. Civ. P. In computing whether a Rule 59(e) submission is timely filed, courts adhere to the guidelines set forth in Rule 6(a). The day of the event that triggers the deadline is not counted, and all other days - including intermediate Saturdays, Sundays, and legal holidays - are counted, with one exception: if the period ends on a Saturday, Sunday, or legal holiday, then the deadline falls on the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6. Here, the order denying Metcalf's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody as untimely and dismissing his case was entered and docketed on February 29, 2016. (Doc. Nos. 23, 24) Excluding that day and including all other days, the 28-day period expired on March 28, 2016, the day Metcalf's motion to alter or amend judgment was received and filed by the Clerk's Office. Therefore, Metcalf's Rule 59(e) motion is timely and his motion for leave to file out of time will be denied as moot.

Turning to the merits of Metcalf's Rule 59(e) motion, Rule 59(e) relief may be granted

1

only under the following circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Young v. U.S., No. 4:12-CV-1983-CAS, 2013 WL 3786338, at *1 (E.D. Mo. July 18, 2013); Bannister v. Armontrout, 807 F. Supp. 516, 556 (W.D. Mo. 1991), *aff'd*, 4 F.3d 1434 (8th Cir. 1993).

Metcalf seeks relief from judgment based on an intervening change in controlling law concerning the AEDPA filing deadline, namely Gonzalez v. Thaler, 132 S. Ct. 641 (2012), which explicitly abrogated Riddle v. Kemna, 523 F.3d 850 (2008), a case he relied upon in his traverse to support his argument that the issuance of the appellate court's mandate is the proper triggering event for starting the clock for purposes of AEDPA tolling and computation. Metcalf's habeas petition was filed on June 25, 2013. The Gonzalez opinion, issued in 2012, does not, therefore, constitute an intervening change in controlling law. The Court applied the appropriate precedent in its analysis of Metcalf's petition and Metcalf fails to point to any deficiencies in that analysis.

For these reasons, Metcalf is not entitled to relief from judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Shohn Metcalf's Motion to Alter or Amend Judgment [26] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner Shohn Metcalf's Motion for Leave to File Motion to Alter or Amend Judgment Out of Time [25] is **DENIED** as moot.

Dated this 5th day of May, 2016.

_/s/ John A. Ross_
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**